IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN EVANS, | ) | CIVIL NO. 13-00267 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECONSIDERATION |
| vs. | ) | |
| | ) | |
| CERBERUS CAPITAL MANAGEMENT, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Currently before the court is Plaintiff Brian Evans's Motion for Reconsideration ("Motion") of Magistrate Judge Barry Kurren's Order of June 27, 2013 ("Order"). ECF No. 21. The Order denied Evans's Motion to Issue a Subpoena "because the parties have not conducted a meeting under Federal Rules of Civil Procedure Rule 26(f), and discovery is not permitted until that meeting has occurred. No discovery or subpoenas are authorized in this case until the Rule 26(f) meeting has taken place." ECF No. 19.

The court construes Evans's Motion as an objection to or appeal from the Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the

>order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Evans complains that Rule 26(d)(1) of the Federal Rules of Civil Procedure permits early discovery "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Although Evans is correct that Rule 26 (d)(1) of the Federal Rules of Civil Procedure authorizes a magistrate judge to order early discovery, Rule 26(d)(1) nowhere requires an order permitting early discovery. It was within Magistrate Judge Kurren's discretion to decline to issue such an order when major issues such as personal jurisdiction are in dispute and might affect the need for the early discovery sought by Evans. Evans fails to identify any part of Magistrate Judge Kurren's order that "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Having reviewed Magistrate Judge Kurren's Order, this court itself sees no reason to disturb it. Evans's objections to the Order are therefore denied.

The court notes that this Motion also bears the title of "Second Amended Complaint." See Motion at 1. Because there is nothing resembling a Complaint within this Motion, this court is not construing Evans's Motion as a Second Amended Complaint.

Pursuant to this court's Order Adopting Findings and Recommendation and Granting Plaintiff's Leave to Proceed Without PrePaying Fees or Costs, ECF No. 15, Evans is not required to submit a Second Amended Complaint in order for his case to proceed.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, July 10, 2013.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       United States District Judge

Evans v. Cerberus Capital Management, et al.; Civil No. 13-00267 SOM/BMK; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION