IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN EVANS, | ) | CIVIL. NO. 13-00267 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING MAGISTRATE |
| | ) | JUDGE'S ORDERS REFUSING TO |
| vs. | ) | DISQUALIFY THE LAW FIRM OF |
| | ) | ALSTON HUNT FLOYD & ING AND |
| CERBERUS CAPITAL MANAGEMENT, | ) | DENYING RECONSIDERATION OF |
| L.P., et al., | ) | THAT ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDERS REFUSING
TO DISQUALIFY THE LAW FIRM OF ALSTON HUNT FLOYD & ING
AND DENYING RECONSIDERATION OF THAT ORDER**

**I.      INTRODUCTION.**

Plaintiff Brian Evans sought the disqualification of the law firm of Alston Hunt Floyd & Ing, attorneys for Defendant Cerberus Capital Management, L.P., arguing that he had an attorney-client relationship with the firm such that it could not represent Cerberus, which is sued here by Evans.  Magistrate Judge Kurren determined that Evans had failed to demonstrate any attorney-client relationship and denied the request.  This court affirms that order, as well as the order denying reconsideration of that order.

**II.     BACKGROUND FACTS.**

Miriah Holden, an attorney with Alston Hunt Floyd & Ing, says she answered a cold call from Evans on May 2, 2013. See Declaration of Miriah Holden ¶ 3, ECF No. 113-5, PageID # 758.  She says that Evans told her that he was seeking legal

representation for contract claims against the Boston Red Sox in connection with a music video he was featured in. See id. She says she spoke with Evans for less than fifteen minutes and that Evans did not mention any other claims or lawsuits. Id. ¶ 4. The statement is corroborated by an "Attorney Diary Report" for that contact, indicating that she spent 0.20 hours on "management" with respect to the call. See ECF No. 113-8, PageID # 775.

Holden says that Evans provided her with both Boston and Hawaii addresses during the call on May 2, 2013. See Holden Decl. ¶ 5. This is confirmed by an e-mail dated May 3, 2013. See ECF No. 113-5, PageID # 763. Evans disputes having told Holden his Hawaii address, and submits the Affidavit of Doug La Barre stating that Evans rented a home in Hawaii after May 2, 2013. See ECF No. 83. Whether Evans told Holden what he anticipated his address would be during the conversation is irrelevant to the issue of whether Evans ever formed an attorney-client relationship with Alston Hunt Floyd & Ing.

The following day, May 3, 2013, Holden sent an e-mail to the attorneys in her firm, indicating that she had "rejected" Evans's cold-call for representation. See ECF No. 113-5, PageID # 762. Holden says that she called Evens that evening and left him a voicemail saying that Alston Hunt Floyd & Ing would not represent him. See Holden Decl. ¶ 8.

Three weeks later, on May 24, 2013, Holden sent a letter to Evans confirming that Alston Hunt Floyd & Ing would not be representing him.  See ECF No. 113-5, PageID # 764.

On May 28, 2013, Evans filed the Complaint in this matter.  See ECF No. 1.  Evans filed a First Amended Complaint on June 17, 2013.  See ECF No. 13.

Paul Alston, an attorney with Alston Hunt Floyd & Ing, says he was contacted by Cerberus on July 23, 2013, to represent it in this matter.  See Declaration of Paul Alston ¶ 3, ECF No. 113-9, PageID # 777.

On August 12, 2013, Evans filed a Motion to Disqualify Counsel and a Renewed Motion for Appointment of Counsel.  See ECF No. 43.  Evans claimed that he had had numerous discussions with Alston Hunt Floyd & Ing in which he discussed his entire case, but failed to attach any evidence supporting that claim.  At most, he questioned the timing of the May 24, 2013, letter and disputed that he gave Holden his Hawaii address on May 2, 2013. He attached several e-mails to his motion, none of which establishes that he had had numerous discussions with Alston Hunt Floyd & Ing.

The motion to disqualify and for appointment of counsel was set for hearing on October 31, 2013.  See ECF No. 44.

On that date, Evans did not appear.  The court attempted to contact Evans by phone numerous times.  The court

then denied the motion to disqualify, determining that Evans had failed to establish an attorney-client relationship and that Evans had not provided any confidential information to Alston Hunt Floyd & Ing.  See ECF No. 133.  The court also denied the motion for appointment of counsel.  Id.

On November 4, 2013, Evans filed a motion for rehearing or for reconsideration, arguing that the court should revisit the disqualification issue because Evans had been in a car accident and had been unable to attend the hearing given a concussion. See ECF No. 134.

On November 15, 2013, Magistrate Judge Barry M. Kurren held a hearing on the motion for rehearing and reconsideration. See ECF No. 141.  At that hearing, Magistrate Judge Kurren listened to Evans's position, including his claim that he had sent e-mails to Alston Hunt Floyd and Ing regarding what happened.  See Transcript of Proceedings of November 15, 2013, at 6-7, ECF No. 151.  Based on the evidence provided by Alston Hunt Floyd & Ing (and on Evans's failure to support his claim with evidence), Magistrate Judge Kurren determined that Evans had failed to show that he had had an attorney-client relationship with the firm or had provided the firm with any confidential information.  See id. at 9-10.  Magistrate Judge Kurren concluded that the contact Evans had had with the firm was the kind that

people initially have when seeking to obtain legal representation.  Id.

On November 18, 2013, Evans filed an appeal of Magistrate Judge Kurren's oral ruling.  See ECF No. 145.

On November 21, 2013, Magistrate Judge Kurren filed his written order.  See ECF No. 147.

On November 25, 2013, Evans withdrew his appeal from Magistrate Judge Kurren's oral ruling, but applied his filing to an appeal from the written order.  See ECF No. 152.

**III.    STANDARD.**

Under Local Rule 74.1 and 28 U.S.C. § 636(b)(1)(A), a district judge may set aside a magistrate judge's nondispositive order if it is "clearly erroneous or contrary to law."  See Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991).  The threshold of the "clearly erroneous" test is high.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

**IV.     ANALYSIS.**

The Ninth Circuit has cautioned that a "motion to disqualify a law firm can be a powerful litigation tactic to deny an opposing party's counsel of choice." <u>In re Cnty. Los Angeles</u>, 223 F.3d 990, 996 (9th Cir. 2000).  Evans seeks the disqualification of the Alston Hunt Floyd & Ing law firm in this matter, arguing that he had an attorney-client relationship with it.  However, Evans fails to demonstrate that Magistrate Judge Kurren's orders denying disqualification and denying reconsideration are clearly erroneous or contrary to law.  The court therefore affirms the orders, determining that Evans has failed to establish that he had an attorney-client relationship or that he gave relevant confidential information to the law firm.

Rule 1.9 of the Hawaii Rules of Professional Conduct states:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>
>     (1) whose interests are materially adverse to that person; and

    (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client consents after consultation.

  (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

    (1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or

    (2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

  Rule 1.10(a) of the Hawaii Rules of Professional Conduct then states, "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2."

  Evans seeks the disqualification of the law firm of Alston Hunt Floyd & Ing under Rule 1.10(a), arguing that he had an attorney-client relationship with Miriah Holden.  Given the record before the court, however, Magistrate Judge Kurren correctly determined that Evans had failed to establish that he had an attorney-client relationship with Holden or her law firm.  Evans submitted no evidence supporting any such relationship or showing that he disclosed any confidential information.  The only

evidence before the court is that Evans had a short, initial consultation with Holden on May 2, 2013.  Evans asserts other contacts without submitting a declaration or other documents to that effect.  Evans was told that the firm would not be representing him.  Under these circumstances, the Magistrate Judge correctly determined that the law firm need not be disqualified.

In appealing from Magistrate Judge Kurren's denial of his reconsideration motion, Evans complains that he had not received the opposition memorandum before the hearing.  The memorandum was short and did not contain factual material that Evans would have been learning for the first time.  Evans also complains that he thought the hearing would only address whether Magistrate Judge Kurren was willing to revisit the disqualification issue, not whether such revisiting would change the earlier ruling.  Notably, Evans gives no indication as to what material he would have presented but for the circumstances he complains about.

The court notes that, in a separate case, Evans unsuccessfully sought to disqualify a different law firm by making assertions similar to those made here.  See Motion to Strike Letter Brief Filed by Co-Defendant Counsel, Motion to Prohibit Law Firm From Representing Co-Defendants filed June 3, 2013, Evans v. Boston Red Sox, Civ. No. 13-00262 SOM/BMK, ECF No.

8

24; Minute Order of June 23, 2013, Evans v. Boston Red Sox, Civ. No. 13-00262 SOM/BMK, ECF No. 55 (denying motion to disqualify). Evans appears to think that any contact seeking representation is a disqualifying event, but that is simply not the law.

**V.     CONCLUSION.**

The court affirms the Magistrate Judge's orders of October 31, 2013, and November 21, 2013. Evans has not demonstrated that the law firm of Alston Hunt Floyd & Ing must be disqualified from this matter.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 27, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Evans v. Cerberus, et al., Civ. No. 13-00267 SOM/BMK; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDERS REFUSING TO DISQUALIFY THE LAW FIRM OF ALSTON HUNT FLOYD & ING AND DENYING RECONSIDERATION OF THAT ORDER