UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13271-GAO

BRIAN EVANS,
Plaintiff

v.

CERBERUS CAPITAL MANAGEMENT, L.P., STEWARD HEALTH CARE SYSTEM
L.L.C., HOLY FAMILY HOSPITAL, DR. RONALD MARVIN, DR. SHARDA KAUL, DR.
ANTHONY STRACESKI, STRYKER, DOES 1-10, RALPH DE LA TORRE, M.D., and
STRYKER ORTHOPEDICS CORP.,
Defendants.

## ORDER
September 24, 2014

O'TOOLE, D.J.

### I. Background

On October 5, 2012, the plaintiff's mother died following a knee operation at the Holy Family Hospital, part of the Steward Health Care System. According to the plaintiff, his mother's sleep apnea was not properly managed by the defendants and their carelessness caused her untimely death. The plaintiff alleges three causes of action against the several named defendants: (1) personal injury resulting in death; (2) wrongful death; and (3) intentional infliction of emotional distress, loss of consortium, and loss of love. The defendants, in three separate motions, argue that the plaintiff does not have standing to bring these claims and have moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II. Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion, the court must accept all of the plaintiff's factual allegations as true, Blackstone Realty LLC v. F.D.I.C., 244 F.3d 193, 197 (1st Cir. 2001), but should grant a motion to dismiss if a plaintiff's complaint fails

to state a claim on which relief can be granted. Dismissal is appropriate if the plaintiff cannot recover under the claims alleged. Id. at 197. While a *pro se* litigant is held to a less stringent standard of pleading, "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985).

### III.    Discussion

The Massachusetts wrongful death statute,[1] Mass. Gen. Laws ch. 229, § 2, "provides for a single action brought by the decedent's executor or administrator[,] . . . [who] presents all claims by the designated beneficiaries for damages flowing from the wrongful death." Hallett v. Town of Wrentham, 499 N.E.2d 1189, 1192 (Mass. 1986). There is no independent cause of action that may be brought by individual persons suing in their own right. Id. (citing Gaudette v. Webb, 284 N.E.2d 222, 226 (Mass. 1972)).

The damages referred to include:

> (1) the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one, including but not limited to compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to the persons entitled to the damages recovered . . .

Mass. Gen. Laws ch. 229, § 2.

While the plaintiff asserts in his First Amended Complaint that he is the administrator of his mother's estate, he immediately disclaims that he is suing in that capacity but rather says he is "acting individually and in the capacity of her son." (First Am. Compl. at 4 (dkt. no. 13).) He later repeats that disclaimer in his Opposition to certain defendants' Request for Joinder and Opposition to the Motion to Dismiss: "Plaintiff is suing in his individual capacity as the son of Helen Marie Bousquet, and not on behalf of The Estate of Helen Marie Bousquet." (Opp'n to

---

[1] It is clear that Massachusetts substantive law governs the plaintiff's claims, for the reasons argued by the defendants. No extended discussion is necessary.

Def. Stryker, Steward Health Care Systems, LLC, Steward Holy Family Hospital, Inc., and Ralph De La Torre Req. for Joinder and Opp'n to Mot. to Dismiss Pls. First Am. Compl. at 2 (dkt. no. 92).) He adds that he was intending to pursue claims he has "realized while Plaintiff has, in his individual capacity, been a citizen and resident of the state of Hawaii." Id. It thus appears that his description of his claims as being made on his behalf as an individual and not on behalf of his mother's estate is not the result of a naïve slip by a *pro se* plaintiff, but rather a deliberate choice, perhaps to assure the claims are understood as being brought by a citizen of Hawaii.

He should be held to his choice. The wrongful death statute clearly applies to the claims he sets forth in Counts I and II of the First Amended Complaint. Litif v. United States, 682 F. Supp. 2d 60, 83 (D. Mass. 2010), aff'd, 670 F.3d 39 (1st Cir. 2012) (the Massachusetts wrongful death statute "defines loss of consortium as loss of the 'services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent.'"). The plaintiff may not bring these claims in his individual, as opposed to representative, capacity. Hallett, 499 N.E.2d at 1192.

A claim for intentional infliction of emotional distress is one that the plaintiff might bring on his own behalf, but he has not adequately alleged the elements of such a claim. Proof of this cause of action requires proof that a defendant not only intended or expected that emotional distress would be caused by the defendant's actions but also that those actions (or, in an appropriate case, inaction) were "extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community." Payton v. Abbott Labs, 437 N.E.2d 171, 180 (Mass. 1982). While it appears that the plaintiff has suffered great anguish at his mother's death, the actions and omissions of the defendants that his pleading alleges do not

suffice to support the tort claim of intentional infliction of emotional distress as to himself as an individual.

## **IV.** **Conclusion**

For the reasons stated herein, the defendants' Motions (dkt. nos. 199, 202, and 240) to Dismiss are GRANTED. The Complaint is DISMISSED.

It is SO ORDERED.

                                          /s/ George A. O'Toole, Jr.
                                          United States District Judge